Stephen J. Burns *et al.*

*v.*

William Mays *et al.*

Contract—*sale of corn.* If a party buys corn under an agreement that, if it does not prove to be of grade No. 2 in the place to which it is to be shipped, the title is not to pass, but it shall be subject to the disposal of the vendor, and such purchaser, through his agent, sells the same after it is inspected and rejected as No. 2, he will be liable for the price received by him, to the vendor.

Appeal from the Circuit Court of Edgar county; the Hon. Oliver L. Davis, Judge, presiding.

Messrs. Eads, Sellars & Dole, for the appellants.

Messrs. Bishop & McKinlay, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was *assumpsit*, in the county court of Edgar county, by William Mays and William J. Culbertson, plaintiffs, and against Stephen J. Burns and William J. Hunter, defendants, to recover the value of two car loads of corn alleged to have been sold and delivered by plaintiffs to defendants at a stipulated price per bushel. There was a judgment for defendants in the county court, and an appeal taken to the circuit court, and there tried by a jury, who rendered a verdict for the

plaintiffs for four hundred eighty-three dollars and ninety-nine cents. A motion for a new trial was denied, and judgment rendered on the verdict, to reverse which defendants appeal.

It is claimed by appellants that, to complete the alleged sale to them of this corn, it was a part of the contract, and an essential part, that the corn should pass inspection at Indianapolis as No. 2 grade. In case it did so pass, then sixty-eight cents per bushel was to be paid for it. It was shipped to Indianapolis as per order of appellants, and was there rejected, and there sold by the agent of appellants for sixty-six cents per bushel, netting the sum of four hundred eighty-three dollars and ninety-nine cents, the precise amount found by the jury.

It is very clear, from the record, the appellants have received and disposed of property of appellees, of the value found by the jury, and there can be no reason urged why they should not pay for it. Admitting the contract was, the corn should pass inspection as No. 2 corn, otherwise it should be placed at the disposal of appellees, to be sold by them,—which is the substance of McMurchy's testimony,—the corn was not so placed, but sold and disposed of by appellants. The right of appellees to recover sixty-six cents per bushel, the price for which it sold, is undeniable, and the verdict of the jury is right, and fully supported by the testimony, and the judgment must be affirmed.

*Judgment affirmed.*